69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of CLDC MANAGEMENT CORPORATION, Debtor.
Clarence O. GESCHKE and Irene M. Geschke, Plaintiffs-Appellants,
v.
LA SALLE NATIONAL BANCORP, INC., Defendant-Appellee.
 No. 93-2539.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.[1]
Decided Oct. 30, 1995.
Rehearing Denied Jan. 4, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Clarence O. Geschke and his wife Irene previously appeared before this court and we reversed the district court's order of summary judgment in favor of defendant, and remanded for further proceedings. We also awarded the Geschkes $1,157.10 for costs incurred on appeal. In re CLDC Management Corp., No. 91-1944 (7th Cir. March 9, 1992) (unpublished order), (reciting the facts of the underlying lawsuit). The Geshckes returned to the district court and sought fees and costs in the amount of $3,873.00. The district court granted the request in part, and denied the request in part. The Geschkes appeal from that order, and seek the sum $2,035.60 denied by the district court.
 
 
 2
 We need provide only a brief summary of the underlying facts. After settlement of the claims between the Geschkes and CLDC, the only remaining party in interest to the claims initiated by the Geschkes was Union Realty Mortgage Company, Inc. ("Union"). Union, however, later stopped operating, and the district court permitted the Geschkes to amend their counter-complaint to join Bancorp, Union's corporate parent, as a defendant. Subsequently, the district court entered summary judgment in favor of Bancorp, finding that Bancorp was not Union's alter ego and thus the Geschkes could not pierce Union's corporate veil and thereby reach Bancorp's assets. On interlocutory appeal from that grant of summary judgment, this court reversed, holding that Bancorp had failed to provide sufficient evidence on the issue of whether the corporate veil could be pierced. We also held that the district court should clarify its position and reasoning as to several discovery issues. In re CLDC Management Corp., No. 91-1944 (7th Cir. March 9, 1992) (unpublished order), 1992 WL 43534 at * 6.
 
 
 3
 The Geschkes' bill of costs included a request for $3,192.70 for the category of "cost of briefs, appendices, and copies of records." This court awarded $1,157.10 for briefs, leaving $2,035.60 unpaid. The Geschkes returned to the district court and requested the $2,035.60, which included costs such as reproducing district court orders, reproducing motions and other documents filed in the district court, issuance of subpoenas, and reproducing a notice of appeal and jurisdictional statement. All of the costs related to proceedings conducted in the district court in 1990 and 1991, prior to our 1992 decision, to determine whether Bancorp had given the Geschkes access to material which supported Bancorp's motion for summary judgment.
 
 
 4
 The district court denied the request for $2,035.60 on the basis that it did not have the authority to award costs related to the appellate record. This is a misreading of Rule 39(c). The only costs that this court will award are costs of printing appellate briefs, which we have already awarded to the Geschkes in the amount of $1,157.10. The remaining expenses of $2,035.60 sought by the Geschkes can only be awarded by the district court under Rule 39(e), which permits the district court to award costs associated with the "transmission of the record." Thus, the $2,035.60 related to the described proceedings in the district court, if those fees are appropriate, should be granted by the district court, not this court. We are ill-equipped to evaluate what portion of the 1990 and 1991 proceedings were necessary for the transmission of the appellate record from the district court.
 
 
 5
 The district court also denied without prejudice to renewal at the close of the trial, the Geschkes' motion for sanctions pursuant to 28 U.S.C. Sec. 1927. This postponement of the sanctions question is not an appealable order, and therefore will not be addressed in this appeal.[2]
 
 
 6
 Accordingly, we affirm that portion of the district court order reducing the award by $1,157.10 to exclude costs associated with appellate briefing, previously awarded by this court.
 
 
 7
 We reverse and remand that portion of the order excluding costs derived from post-certification proceedings to permit the court to evaluate whether these costs were necessary for the transmission of the appellate record under Rule 39(e).
 
 
 8
 We dismiss that portion of the appeal dealing with the denial of Sec. 1927 sanctions for lack of jurisdiction.
 
 
 9
 AFFIRMED IN PART, DISMISSED IN PART, REVERSED IN PART, and REMANDED with directions.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [2]
 We note, however, that an appeal following trial has been filed. CLDC Management v. Geschke, No. 94-3586 (pending)